FILED
OCT 11 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Lena Gee
102 15th St., NE
Washington, DC
    Plaintiff

v.

Sears Home Improvement Products, Inc.,
c/o C.T. Corporation System
1015 15th St., NW Suite 1000
Washington, DC 20005
    Defendant



CASE NUMBER 1:05CV02014

JUDGE: Emmet G. Sullivan

DECK TYPE: General Civil

DATE STAMP: 10/11/2005

JURY ACTION

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Statement of Action

This is an action is for breach of contract, breaches of the District of Columbia Consumer Protection Procedures Act (CPPA), and breach of the federal Fair Credit Reporting Act (FCRA). Plaintiff and Defendant struck a contract for sale and installation of new windows in Plaintiff's home. The windows were installed improperly and, some eight months after their original installation, key defects have yet to be remedied. Air passes freely around the edges of the windows, allowing cold air to enter in winter and warm air in summer. Moreover, Plaintiff has improperly been charged finance fees for the unpaid balance on the incomplete installation and her credit rating has been undermined by Defendant's incomplete reports to consumer reporting agencies as to her delinquent payment for the unsatisfactory installation.

C:\Documents and Settings\mark\My Documents\WillcoxCases\Gee\Complaint9-15.wpd  September 27, 2005, 7:11 PM

RECEIVED
SEP 28 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## Parties

1. Plaintiff Lena Gee is a District of Columbia citizen, residing at 102 15th St. NE, Washington, D.C.

2. Defendant Sears Home Improvement, Inc. is a home improvement company with its principal place of business in Florida and a Florida address of P.O. Box 522290, Longwood, FL 32752

## Jurisdiction

3. Subject matter jurisdiction of this court lies under D.C. Code Annotated, as amended, Section 11-921.

## Personal Jurisdiction Over the Defendants

4. Personal jurisdiction over the Defendant lies because it has done or is doing one or more of the following, subjecting it to personal jurisdiction in the District of Columbia pursuant to Section 13-423 of the D.C. Code:

Transact business in the District of Columbia;

Cause tortious injury in the District of Columbia by an act or omission in the District of Columbia;

Cause tortious injury in the District of Columbia by an act or omission outside the District of Columbia, while regularly doing business or engaging in a substantial course of conduct or deriving substantial revenue from goods used or consumed or services rendered in the District of Columbia;

Hold an interest in real property in the District of Columbia; and/or

Contract to supply services in the District of Columbia.

Because its activities would reasonably lead the Defendant to expect being haled into a District of Columbia Court, exercise of personal jurisdiction complies with the due process requirements of the United States Constitution.

### Facts

5.  On January 12, 2005, Plaintiff and Defendant struck a contract for the sale and installation of six new window and screen units for Plaintiff's home. Ex.. A. The contract specified a total price of $5165.00 and provided that the installation would take place within six weeks. On January 17, 2005, the parties entered into a contractual modification specifying that for one of the windows–in Plaintiff's bedroom–Defendant would deliver a "double" pane: two panes side by side in a space that could alternatively be fitted with a large single pane. Plaintiff needed this so that she could install a window unit air conditioner without leaving a space that would need to be boarded up. Defendant imposed an additional $593.00 to the overall charge in order to accommodate this specification. Around this time, Plaintiff opened a Sears Home Improvement Account for making payments.

6.  Initial installation took place around mid-February. Despite the double-pane specification, Defendant delivered and installed a single pane for Plaintiff's bedroom. Defendant's representative told her that she could try it over the weekend and have it replaced by a double-pane installation if she so decided. Within days after the installation, she contacted Defendant to indicate that she wanted the double-pane installation. Meanwhile, she noticed that all of the windows were inadequately sealed at their edges such that cold or hot air, depending on the season, could flow around them into her home. Plaintiff noticed further that the screens installed were too short, leaving an

unclosed space where insects could enter. Shortly after the faulty installation and on an ongoing basis thereafter, Plaintiff lodged complaints with Sears Home Improvement representatives concerning the various defects. Meanwhile, she made one monthly payment on the amount due.

7. On or about March 22, 2005, Plaintiff wrote Defendant a letter giving notice that she would make no further payments on her account until the installation defects were remedied. Ex. B. She was informed by Defendant's representative that her account would be placed on hold, with no payments due and no finance charges levied, until such time as the defects had been remedied. Plaintiff has made no subsequent payments on the account and has never taken it off hold.

8. On or about April 28, 2005, Defendant's representative replaced the single-pane with the double-pane installation. Not until June 2005 or thereabouts did Defendant install properly fitted screens. Defendant has never remedied the improper frame fit or sealing defect that allows the windows to be jiggled freely and lets air pass around their edges, causing discomfort to Plaintiff along with increased electricity charges for air conditioning. Plaintiff has continued to lodge frequent complaints with Defendant regarding this problem.

9. Plaintiff's account bill regularly itemizes monthly finance charges imposed for the unpaid portion of her bill. Those cumulating charges now total several hundred dollars. Plaintiff has regularly and repeatedly notified Defendant that she disputes the propriety of finance charges imposed with respect to a transaction on which Defendant has not fulfilled its obligations and has purported to place the account on hold and to waive finance charges pending the completion of proper window installation.

10. In June or July 2005, Plaintiff entered discussion with a Mazda automobile dealership concerning a possible purchase. Some time after these discussions began, the dealer indicated that

Plaintiff was ineligible to purchase a car on credit because her credit report reflected an unpaid bill. Since Plaintiff habitually makes timely payments on all her other credit accounts, the source of this nonpayment record can only be that Defendant has caused Plaintiff's purportedly delinquent account to be reported to credit reporting agencies. On information and belief, Defendant has done so without indicating that the reported delinquency is disputed by Plaintiff.

## Count One
### Breach of FCRA

11. Plaintiff incorporates paragraphs 1 through 10 as if set forth herein.

12. By submitting Plaintiff's purported delinquency to consumer reporting agencies without notice that such information was disputed by Plaintiff in its accuracy and completeness, Defendant has breached its duty under 15 U.S.C. §1681s-2(3). This breach of duty has damaged Plaintiff in her creditworthiness and is actionable under 15 U.S.C. § 1681n (willful noncompliance) and/or § 1681o (negligent noncompliance).

## Count Two
### Breach of CPPA (District of Columbia Municipal Regulations)

13. Plaintiff incorporates paragraphs 1 through 10 as if set forth herein.

14. By virtue of violating 16 DCMR §813.3(i)(unjustified failure or refusal to complete household renovation work), Defendant has breached D.C. Code § 28-3904(dd)(violation of title 16 of the District of Columbia Municipal Regulations) and this breach has damaged Plaintiff in bodily discomfort, decreased household habitability, emotional distress, and increased electrical bills.

Count Three

Breach of CPPA (FCRA)

15. Plaintiff incorporates paragraphs 1 through 10 as if set forth herein.

16. By virtue of violating FCRA as set out in Count One, Defendant has damaged Plaintiff in her creditworthiness and has violated D.C. Code § 28-3904, for which Plaintiff may and hereby does bring an action.

Count Four
Breach of Contract

17. Plaintiff incorporates paragraphs 1 through 10 as if set forth herein.

18. In failing to furnish properly specified, fitted and installed windows and screens, Defendant has breached the contract it struck with Plaintiff. This failure has caused Plaintiff bodily discomfort, emotional distress and increased electrical bills, all direct and foreseeable consequences of its breach..

WHEREFORE, Plaintiff requests that judgment be entered against Defendant as to all counts for appropriate compensatory, statutory and punitive damages along with costs and attorneys fees and such other relief as this court deems just and proper.

_____
Thomas C. Willcox, Esq.
1424 16th St.,NW Suite 502
Washington, DC 20036
202.232.3313
Fax: 202.462.2420