IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LENA GEE,                                   Civil Action No. 05cv02014(EGS)
        Plaintiff,
vs.
SEARS HOME IMPROVEMENT
PRODUCTS, INC. et al.
        Defendants.

**JOINT MEET AND CONFER STATEMENT PURSUANT TO LOCAL RULE 16.3**

The Undersigned hereby submit the following "Meet and Confer" Statement pursuant to Local Rule 16.3 and a teleconference between all counsel of record which took place on May 9, 2006:

**(1) The case tracking category in which the case should be placed; whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The parties view this as a Standard Track case. No dispositive motions are likely until the close of discovery.

**(2) The Date by Which Any other Parties Can be Joined, or the pleadings amended, and whether some of the legal or factual issues can be agreed upon or narrowed**

20 days after the close of discovery.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial**

Defendant will consent to assignment to a magistrate

**(4) Whether there is a realistic possibility of settling the case.**

Defendant has offered to remedy the installation complaint.

**(5) Whether the case could benefit from the Court's alternative dispute resolution**

Z:\Gee\Filings\Rule16.3Statement.wpd

procedure (ADR); what related steps should be taken to facilitate ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

**The client's goals in bringing or defending the litigation**

**Whether settlement talks have already occurred and, if so, why they did not produce an agreement**

The parties are actively discussing resolution of the case, and propose that, if necessary, at the initial status conference, the Court refer the case to a magistrate for early ADR depending on the status of settlement. Otherwise, the parties have no objection to ADR with a magistrate at the completion of discovery.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties request motions deadline 30 days after discovery closes, 21 days for oppositions; and 15 days for replies.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties request that initial disclosures be deferred until 30 days after the initial scheduling conference.

**(8) The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Discovery is to be completed within 180 days of the initial status conference. The parties request modified standard discovery limitations of 25 interrogatories and 5 depositions per party.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when**

**depositions of experts should occur.**

Plaintiff is to provide expert information pursuant to Rule 26(a)(2) within 100 days of the initial scheduling conference; defendants 60 days thereafter and plaintiff's rebuttal to be produced 30 days thereafter.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

N/A

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties make no request at this time.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose a pre-trial conference 60 days after discovery completion and request that the Court schedule a hearing on dispositive motions filed after discovery closes at that time.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties prefer that a trial date be set at the pre-trial conference.

**(14) Trial Date**

To be set at pre-trial.

Z:\Gee\Filings\Rule16.3Statement.wpd

**(15)** Other Matters

    None at this time

| | |
|---|---|
| _____/s/_____ <br> Thomas C. Willcox, Esquire <br> 1020 19th Street, N.W., Suite 400 <br> Washington, DC 20036 <br> (202) 223-0090 <br> (202) 452-0092 <br> DC Bar 445135 | \_/s/_____ <br> Iverson O. Mitchell, III, Esquire <br> SPEIGHTS & MITCHELL <br> 2600 Virginia Ave Suite 105 <br> Washington, DC 20037-1916 <br> (202) 872-8100 <br> DC Bar 140079 |

Z:\Gee\Filings\Rule16.3Statement.wpd