IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LENA GEE | : |
| Plaintiff | : |
| v. | :   Case No.: 05 cv 02014 |
| | (DAR) |
| SEARS HOME IMPROVEMENT PRODUCTS, INC. | : |
| Defendant | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S, SEARS HOME IMPROVEMENT PRODUCTS, INC., MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**I.   See, Attached Correspondences**

    **A.** Correspondence via email from Defendant's Attorney, dated November 15, 2007; Correspondence via email from Plaintiff's Attorney, dated November 17, 2007.

**II.   Background**

This case arises out of an agreement between the parties for the sale and installation of new windows in the Plaintiff's home, which occurred on January 12, 2005. On October 11, 2005, Plaintiff filed suit alleging breach of contract, breach of the District of Columbia Consumer Protection Procedures Act (CPPA) and breach of the federal Fair Credit Reporting Act (FCRA).

On November 8, 2007, the parties attended court ordered Mediation. Following Mediation, Defendant extended a settlement offer to Plaintiff via e-mail on November 15, 2007. Defendant's settlement offer included the following terms: 1. Forgive the debt owed by her; 2. Ask Citi to credit the account, which would be included

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
223 N. PROSPECT STREET
SUITE 400
HAGERSTOWN, MD 21740
(301) 791-6924

in the Release; 3. Sears would pay the Plaintiff an additional $6,000.00; 4. Sears will pick-up the currently installed windows after they have been replaced; 5. Full general release shall be executed; and, 6. A confidentiality agreement shall be executed. *See Exhibit A* – Correspondence via email from Defendant's Attorney, dated November 15, 2007; Correspondence via email from Plaintiff's Attorney, dated November 17, 2007. Defendant's counsel received confirmation from Plaintiff's counsel via e-mail on November 17, 2007 that Plaintiff had consented to the terms.

Succeeding the Settlement Agreement, Plaintiff learned that replacement windows for her home would be costly. Therefore, she informed her counsel that she no longer wished to abide by the Settlement Agreement and refused to honor its terms. Simultaneously, on December 4, 2007, undersigned counsel appeared in this Honorable Court for a Status Conference upon the information and belief that the parties had reached a settlement. At that time, Defendant's counsel was informed by counsel for Plaintiff that she was opposing the Settlement Agreement. As such, her attorney, Matthew Brinegar, made an Oral Motion to withdraw his appearance. This Honorable Court made an Oral ruling granting the Oral Motion to withdraw his appearance, but later vacated its ruling. Also, this Honorable Court allowed the Defendant to file a Motion to Enforce Settlement Agreement.

### III.  Argument

The law is well settled in the District of Columbia that trial courts, in the District of Columbia, have the authority to enforce settlement agreements in cases that are pending before them. *Autera v. Robinson*, 419 F.2d 1197, 1200 (1969). This authority is

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
223 N. PROSPECT STREET
SUITE 400
HAGERSTOWN, MD 21740
(301) 791-6924

based in the strong public policy favoring the amicable resolution of disputes and favoring the avoidance of costly and time-consuming litigation. *Confederate Memorial Assoc., Inc. v. United Daughters of the Confederacy*, 629 A.2d 37, 39 (D.C. 1993).

Once a valid settlement has been reached it cannot be repudiated by the parties. *Autera*, 419 F.2d at 1201, n.17. In addition, while the law is clear that an attorney of record may not compromise, settle, or consent to a final resolution of his or her client's case without express authority, *see, Autera*, 419 F.2d at 1201, n.18, "prima facie, the act of an attorney in making such compromise and entering or permitting to be entered such judgment is valid, because it is assumed the attorney acted with special authority." *Id.* (citations omitted).

In the case at bar, Plaintiff's counsel unequivocally accepted the offer tendered by counsel for the Defendant. Specifically, Plaintiff's counsel's e-mail stated, "She has agreed." ***See Exhibit A*** – Correspondence via email from Defendant's Attorney, dated November 15, 2007; Correspondence via email from Plaintiff's Attorney, dated November 17, 2007. Plaintiff did not renege on the Settlement Agreement until ***after*** she learned the price of the new windows. Prior, Plaintiff agreed to the terms of the Settlement Agreement.

Plaintiff's repudiation is in direct violation of the well settled case law in this jurisdiction. *See, Autera*, 419 F.2d 1201, n.17. At this point in time, Defendant wishes to proceed with the terms as agreed upon. As a result, Defendant Sears Home Improvement Products, Inc. seeks enforcement of the settlement agreement as mutually agreed to by both parties to this case on November 17, 2007.

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
223 N. PROSPECT STREET
SUITE 400
HAGERSTOWN, MD 21740
(301) 791-6924

IV.    **Conclusion**

In light of the foregoing Defendant, Defendant Sears Home Improvement Products, Inc., respectfully requests that in light of Plaintiff's continued refusal to comply with the previously negotiated settlement that this Motion to Enforce Settlement be granted, and that the Plaintiff be ordered to comply with the settlement negotiated on November 17, 2007.

Respectfully submitted,

McCARTHY WILSON LLP

/s/
_____
Charles E. Wilson, III
Federal Bar No.: 09216
223 North Prospect Street, Suite 400
Hagerstown, MD 21740
(301) 791-6924
Fax 301-791-6947
*Attorney for Defendant*
wilsoniiic@mcwilson.com

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
223 N. PROSPECT STREET
SUITE 400
HAGERSTOWN, MD 21740
(301) 791-6924

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December, 2007, a copy of the foregoing Memorandum of Points and Authorities In Support Of Defendant's, Sears Home Improvement Products, Inc., Motion to Enforce Settlement Agreement was electronically filed and mailed first class, postage prepaid to:

Matthew A. Brinegar, Esquire
Legal Counsel for the Elderly
601 E. Street, N.W.
Washington, DC 20049
*Attorneys for Plaintiff*

                                          /s/
                               Charles E. Wilson, III

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
223 N. PROSPECT STREET
SUITE 400
HAGERSTOWN, MD 21740
(301) 791-6924